**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50207 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-01789-LAB-1 |
| v. | |
| FIDENCIO CASTRO-VERDUGO, AKA Fidel Castro-Verdugo, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted October 3, 2017[**]
Pasadena, California

Before: GRABER, MURGUIA, and CHRISTEN, Circuit Judges.

Defendant Fidencio Castro-Verdugo appealed the district court's denial of

his 8 U.S.C. § 1326(d) motion to dismiss the indictment, in which he argued that

his underlying removal proceeding did not comport with due process and could not

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

serve as the basis for his charge under 8 U.S.C. § 1326. Reviewing de novo, United States v. Pallares-Galan, 359 F.3d 1088, 1094 (9th Cir. 2004), we affirm.

The district court did not err in denying Castro-Verdugo's motion to dismiss the indictment. The IJ complied with the procedural due process requirement to inform Castro-Verdugo of his eligibility to apply for relief from removal and afford him the opportunity to apply for such relief. See United States v. Gonzalez-Flores, 804 F.3d 920, 927 (9th Cir. 2015), cert. denied, 136 S. Ct. 1234 (2016). The IJ "meaningfully advised" Castro-Verdugo of his rights where the IJ informed him of the right to present evidence, identified the specific relief he might be eligible for, and engaged in a one-on-one discussion with him giving him an opportunity to understand what the IJ was considering and to respond. See United States v. Melendez-Castro, 671 F.3d 950, 954 (9th Cir. 2012) (per curiam).

Castro-Verdugo also argues that his case is analogous to Melendez-Castro in which the court held Melendez-Castro was not meaningfully advised of his right to seek voluntary departure because the IJ told Melendez-Castro that he was eligible for relief, but immediately stated he would not grant the relief because of Melendez-Castro's criminal history. Id. However, Melendez-Castro is distinguishable because here there is no indication in the record before us that the IJ prejudged Castro-Verdugo's possible application for relief.

Accordingly, Castro-Verdugo's underlying removal order is not

fundamentally unfair and stands as a predicate element for his charge under 8

U.S.C. § 1326, removed alien found in the United States.

**AFFIRMED.**